# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

)
JORGE VINICIO SOSA ORANTES,   )
)
       Plaintiff,   )
)
     v.   )     Civil Action No. 19-cv-549 (TSC)
)
U.S. IMMIGRATION & CUSTOMS   )
ENFORCEMENT *et al.*,   )
)
       Defendants.   )
)
)

## MEMORANDUM OPINION

Plaintiff Jorge Vinicio Sosa Orantes filed suit under the Privacy Act based on records maintained by the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") and the Department of Justice Criminal Division's International Prisoner Transfer Unit ("DOJ"). Defendants have supplemented the record and moved to dismiss or for summary judgment, ECF No. 32. For the reasons explained below, Defendants' motion will be GRANTED.

What remains is Plaintiff's request for copies of the international arrest warrants relied upon to deny his transfer to Canada.[1] *See* Mem. Op. and Order, ECF No. 24 (granting partial relief to Defendants). ICE has never maintained copies of the actual arrest warrants. *See* Supp. Decl. of Jordan Holz ¶¶ 32-33, ECF No. 32-3. DOJ located

---

[1] Despite Plaintiff's address of record in California, it is undisputed that on October 19, 2020, he was removed from the United States to Canada upon an Immigration Judge's finding that he had fraudulently obtained lawful permanent resident status. *See* Defs.' Supp. Stmt. of Material Facts ¶¶ 1-4, ECF No. 32-3.

1

one arrest warrant from Guatemala. Decl. of Drew Lavine ¶ 10, ECF No. 32-4. "Heads of agencies may, however, promulgate rules exempting particular systems of records from § 552a(d)(1) under conditions described at § 552a(j)-(k)." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1119 (D.C. Cir. 2007). Subsection (j)(2) of the Privacy Act "allows an agency to 'exempt any system of records' from the relevant disclosure provisions if the agency 'performs as its principal function any activity pertaining to the enforcement of criminal laws,' and the record system itself consists of certain types of law enforcement information." *Corley v. Dep't of Just.*, 998 F.3d 981, 984 (D.C. Cir. 2021) (quoting 5 U.S.C. § 552a(j)(2)).

The heads of both ICE and DOJ have properly exempted their respective filing systems containing law enforcement records from the Privacy Act's disclosure requirements. *See* Holz Supp. Decl. ¶¶ 35-43 (attesting to Homeland Security's exemption of files containing "INTERPOL Red Notices" of international warrants); Lavine Decl. ¶¶ 14-19 (attesting to DOJ's exemption of "CRM-001," where the Guatemalan arrest warrant was found). As for the remaining claim, then, Defendants are entitled to judgment as a matter of law.[2] A corresponding order will issue separately.

Date: August 30, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] To the extent Plaintiff questions the agencies' substantive decisions, Opp'n at 3-9, ECF No. 35, such arguments are misguided because the Privacy Act generally "allows for correction of facts but not correction of opinions or judgments." *McCready v. Nicholson*, 465 F.3d 1, 19 (D.C. Cir. 2006).